UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DEMETRIUS PETTERSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:08CV117 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on movant's response to the Court's show cause order why this case should not be dismissed as time-barred. Upon review of the filings in this case, the Court finds that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is barred by the period of limitations. As a result, the Court will summarily dismiss the motion.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

On February 28, 2005, after movant pled guilty to possession with intent to distribute cocaine base, the Court sentenced movant to 121 months' imprisonment. Movant did not file an appeal. Therefore, movant's period of limitations for filing a § 2255 motion was tolled in March 2006, unless there was a tolling period. Movant filed the instant § 2255 motion on July 28, 2008.

Movant asserts that his period of limitations was tolled pursuant to subsection (4) of § 2255's limitations section. Movant claims that pursuant to his plea agreement with the government he agreed to assist in the prosecution of another person, in return for which the government agreed to file a Rule 35 motion for reduction of sentence. Movant contends that the government had until March 14, 2006, to file the motion. Movant maintains that despite his cooperation the government failed to file a Rule 35 motion as promised.

Movant argues that the period of limitations should be tolled under subsection (4) because his underlying claim for relief is that the government breached the plea

agreement and because the "facts supporting the claim" could not have been discovered until well after March 2006. Specifically, movant argues that the period of limitations should be tolled until July 5, 2008, because on that date he was introduced to a jailhouse lawyer who explained his rights to him.

Movant's arguments fail for two reasons. First, neither the hypothetical prospect of the government's filing a Rule 35 motion nor the potential for movant's conviction being set aside based on the government's alleged breach of the plea agreement have any legal effect on the finality of movant's conviction. United States v. Schwartz, 274 F.3d 1220, 1224 (9th Cir. 2001). Put another way, the reduction of sentence for substantial assistance provision in federal rules of criminal procedure does not toll the statute of limitations relating to a § 2255 motion because Congress did not intend for motions under reduction of sentence provision to prevent a conviction from becoming final for AEDPA purposes. Id. at 1223-24. As a result, movant's arguments fail as a matter of law.

Second, by movant's own admission, he should have become aware that the government failed to live up to its side of the bargain no later than March 14, 2006. Therefore, even if the Rule 35 issue did toll the period of limitations, the period of limitations still would have tolled in March 2007. As is stated above, movant did not file the instant § 2255 motion until July 28, 2008. As a result, the instant § 2255

motion is barred by the period of limitations, and the Court will summarily deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] is **DENIED**.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 1st Day of October, 2008.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE